FILED

06/21/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2017 Session

**STATE OF TENNESSEE v. HARLEY CROSLAND**

**Appeal from the Circuit Court for Lewis County**
**No. 2016-CR-74     Joseph Woodruff, Judge**

_____

**No. M2017-01232-CCA-R3-CD**
_____

TIMOTHY L. EASTER, J., dissenting.

Believing that it is not a forced interpretation of Tennessee Code Annotated section 40-35-402(b)(1) to provide the State an avenue for appeal and thus convey appellate jurisdiction, I respectfully dissent.

As correctly pointed out by the majority, another panel of this Court has three times held that the State does not have the right to appeal a trial court's determination of offense classification under Tennessee Rule of Appellate Procedure 3 and/or Tennessee Code Annotated section 40-35-402. *See State v. Joshua Thidor Cross*, No. E2017-00572-CCA-R3-CD, 2018 WL 2065558, at *3, (Tenn. Crim. App. May 3, 2018); *State v. Charles Keese*, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697, at *4-10 (Tenn. Crim. App. Mar. 15, 2018), *perm. app. filed* (May 14, 2018); *State v. Michael Eugene Tolle*, No. E2017-00571-CCA-R3-CD, 2017 WL 1661616, at *4 (Tenn. Crim. App. Dec. 19, 2017), *pet. to rehear denied* (Tenn. Crim. App. Apr. 9, 2018), *perm app. filed* (May 18, 2018). Interestingly, both the *Charles Keese* and *Michael Eugene Tolle* panels found ways to get around the jurisdictional issue. In *Charles Keese*, the Court acquired jurisdiction to the entire case pursuant to Tennessee Rule of Appellate Procedure 13 because the defendant had properly preserved and filed a timely notice of appeal. In *Michael Eugene Tolle*, the Court elected to treat the State's appeal as of right as a petition for the common law writ of certiorari. Nevertheless, this Court's reasoning regarding the State's right to appeal in those opinions has convinced the minds of the majority in this case that the right of appeal is unavailable to the State. My mind is just a bit more stubborn.

More recently, a different panel of this Court noted the State's right to appeal was not raised by either the defendant or the State. *State v. Ashley N. Menke*, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275, at *7 (Tenn. Crim. App. May 21, 2018). However, the *Ashley N. Menke* panel did address the right to appeal issue in a footnote,

concluding that the State does have a right to appeal pursuant to Tennessee Code Annotated section 40-35-402 (b)(1) and (b)(3). *Id.* at n.9. I agree with the *Ashley N. Menke* footnote.

The statutory formula for computation of a proper sentencing range within the sentencing statutes has become quite the confusing mathematical equation since the enactment of Tennessee Criminal Sentencing Reform Act of 1989. Our Supreme Court recently noted when referring to the many statutory provisions applicable to the imposition of a sentence following a defendant's conviction of a criminal offense:

> There is no question that the construction and application of these statutes is complicated and often confusing. Nevertheless, the imposition of a sentence on a criminal defendant is one of the most important decisions that trial courts are called upon to make because they invariably reduce a person's liberty, often eliminating it entirely.

*State v. Trent*, 533 S.W.3d 282, 292 (Tenn. 2017); s*ee generally* T.C.A. §§ 40-35-101 to -505 (2010 & Supp. 2012). To conclude that the State does not have the right to appeal this sentence pursuant to Tennessee Code Annotated section 40-35-402 only adds to the confusion.

Tennessee Code Annotated section 40-35-402 provides that "[t]he district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court" under the following limited circumstances:

> (1) The court improperly sentenced the defendant to the wrong sentence range;
> (2) The court granted all or part of the sentence on probation;
> (3) The court ordered all or part of the sentences to run concurrently;
> (4) The court improperly found the defendant to be an especially mitigated offender;
> (5) The court failed to impose the fines recommended by the jury;
> (6) The court failed to order the defendant to make reasonable restitution; or
> (7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

T.C.A. § 40-35-402(a), (b). Thus, the question becomes whether the term "range" as used in either or both subsections (a) and (b)(1) includes "offense classification" or whether it simply applies to "offender classification."

Offender classification, offense classification, and sentence range are all essential variables in the mathematical equation used by trial courts to render an authorized term of imprisonment which must be determinate. *See* T.C.A. § 40-35-111(a)-(e). In other words, offender classification, offense classification, and sentence range are essential to determine the right sentence as opposed to the "wrong" sentence. T.C.A. § 40-35-402(b)(1). To view these variables otherwise would result in an algebraic equation that would leave courts, lawyers, and defendants scratching their heads when calculating the right determinate sentence. The statutory scheme to ascertain which variables to insert into the mathematical equation appears in sequence in Tennessee Code Annotated sections 40-35-105 to 40-35-112.

Offender classifications for felonies are defined in Tennessee Code Annotated sections 40-35-105 to 40-35-109. There are five in number: standard, multiple, persistent, career, and especially mitigated. T.C.A §§ 40-35-105 to -109. Each contains requirements of a certain number of, or lack thereof, prior convictions. *Id.* This is the first variable in the equation used by the trial court to calculate the right sentence.

Offense classifications for both felonies and misdemeanors follow next in Tennessee Code Annotated section 40-35-110. There are eight in number: Class A felony, Class B felony, Class C felony, Class D felony, Class E felony, Class A misdemeanor, Class B misdemeanor, and Class C misdemeanor. T.C.A. §40-35-110(a)-(c). Each offense classification corresponds to a defined criminal offense elsewhere in Title 39 of Tennessee Code Annotated. This is the second variable in the equation to calculate the right sentence.

Authorized terms of imprisonment and fines for felonies and misdemeanors follow next in section 40-35-111. Here, each class of offense established in section 110 is assigned an authorized term of imprisonment and fine. These terms range from 60 years all the way down to 30 days of incarceration. This is the next variable in the equation to calculate the right sentence.

Sentence ranges are next in Tennessee Code Annotated section 40-35-112. There are three in number: Range I; Range II, and Range III. As defined here, the term "sentence range" specifically takes into account both *offense* and *offender* classification—the first two variables in the sentencing equation. In this section, offender classification is one factor in determining the range and offense classification the other factor. When offender classification and offense classification are combined, they equal the sentencing range. The sentencing range result is a necessary variable to complete the equation of a properly determinate sentence, as required by sections 40-35-111(a) and (d).

Here is the point: all these variables are needed to reach the right — as opposed to the wrong — determinate sentence. Thus, all these statutes need to be read in concert to allow the sentencing equation to result in a properly sentenced defendant within the right sentence range. A trial court's sentencing of a convicted defendant to the wrong classification of offender, wrong classification of offense, wrong term of imprisonment or fine, or wrong range is the equivalent of a trial court "improperly sentenc[ing] the defendant to the wrong sentence range" and is thus appealable by the State, as of right, pursuant to Tennessee Code Annotated sections 40-35-402(a) and (b)(1). Any one improperly applied variable, results in a "wrong sentence range" for the purposes of a State's appeal.

Further, this Court has previously held that the State may pursue an appeal under a broader reading of Tennessee Code Annotated section 40-35-402 than the *Charles Keese* panel of this Court permitted. *Compare Charles Keese*, 2018 WL 1353697, at \*7; *with State v. Jeremy Mulkey*, No. E2012-02337-CCA-R3CD, 2013 WL 5026912, at \*2 (Tenn. Crim. App. Sept. 12, 2013) (concluding that section 40-35-402 encompassed the State's appeal of a community corrections sentence), *perm. app. denied* (Tenn. Mar. 5, 2014); *State v. Tom Hale*, No. 03C01-9411-CR00404, 1995 WL 460916, at \*2 (Tenn. Crim. App. Aug.4, 1995) (reasoning that a State's appeal of a community corrections sentence is appropriate under either the broad language of section 40-35-402(a), which allows the state to appeal from the "manner of the service of the sentence imposed by the sentencing court," or under section 40-35-402(b)(2)); *see also State v. Brian Eugene Stansberry*, No. E2007-01227-CCA-R3-CD, 2008 WL 2095355, at \*2 (Tenn. Crim. App. May 19, 2008), *no perm. app. filed*; *State v. Clifton Epps*, No. 02C01-9601-CR-00022, 1997 WL 703344, at \*1 n.1 (Tenn. Crim. App. Nov. 13, 1997), *no perm. app. filed*.

The State herein argues that Defendant was sentenced to the "wrong sentence range" because the trial court determined that the offense classification for theft over $500 remained a Class E felony but that Defendant was entitled to the benefit of the lesser punishment from the statute. At least one other panel of this Court has permitted a State appeal under similar circumstances. *See, e.g.*, *State v. John L. Shelton*, No. W2002-00127-CCA-R3-CD, 2003 WL 402804, at \*1-2 (Tenn. Crim. App. Feb. 12, 2003) (concluding that State could appeal under section 40-35-402 where the State challenged the length of the sentence imposed by the trial court when the defendant entered a guilty plea to a Class E felony and received a sentence of less than one year), *no perm. app. filed*.

I believe the State's right to seek appellate review by this Court for correction of an allegedly wrong sentence range fits very neatly into an enumerated section of the statute, namely section 40-35-402(b), without an overreaching stretch.

_____
TIMOTHY L. EASTER, JUDGE